RECEIVED
NOV 1 5 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| TODD ASHWORTH<br>AMANDA ASHWORTH<br><br>VS.<br><br>STATE FARM FIRE & CASUALTY CO. | CIVIL ACTION NO. 06-1391<br><br>JUDGE HAIK<br><br>MAGISTRATE JUDGE METHVIN |

## JURISDICTIONAL REVIEW RULING

Before the court is defendant State Farm's "Memorandum in Support of Defendant's Removal of Action Based on Diversity of Citizenship Jurisdiction," filed pursuant to this court's order of September 20, 2006.[1] Having reviewed State Farm's memorandum and the exhibits attached thereto, I conclude that State Farm has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000 by setting forth the specific facts in controversy that support a finding of the jurisdictional amount. Simon v. Wal Mart Stores, 193 F.3d 848 (5th Cir. 1999); Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

Plaintiffs Todd and Amanda Ashworth contend that on July 21, 2005, their home in Ville Platte, Louisiana was damaged by fire, which caused severe damage to the contents and structure of their home. Plaintiffs contend that their home was insured by an insurance policy issued by defendant State Farm that was in effect on the date of the fire and was applicable to the subject damage. Plaintiffs claim that they filed a claim under the policy, but that State Farm has refused to tender payment. Plaintiff seek damages for State Farm's failure to pay.

---

[1] Rec. Doc. 8.

Although the petition does not set forth the dollar amount of damages that the property and/or contents sustained, in their response to the court's order, State Farm avers that plaintiffs' homeowners' policy provides the following coverage:

```
Home .................................................... $80,600.00
Contents ................................................. $44,330.00
Additional living expenses ................................. $4,600.00
Debris removal ........................................... $4,030.00
Reasonable attorney's fees (estimate) ..................... $15,000.00
TOTAL ................................................. $148,560.00
```

State Farm alleges that it has already paid $60,007.16 to the loss payee for damage to the building in question, and that it advanced the Ashworths $2,500.00 because of the fire. State Farm therefore alleges that, even if it were to receive credit for those amounts paid, the Ashworths would still have a potential claim worth $86,052.84 against it, plus a potential 25% penalty for arbitrary and capricious failure to pay.[2]

Considering the foregoing, the undersigned concludes that the jurisdictional amount is satisfied in this case.

Signed at Lafayette, Louisiana on November ___, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[2] State Farm contends that the 25% penalty would be taken only on a total of $21,533.21 without explaining where that $21,533.21 amount comes from. Regardless, because of the amounts listed above, the undersigned concludes that the jurisdictional amount has been satisfied in this case.